UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN PEREZ,

                                    MEMORANDUM & ORDER
           Petitioner,                     08 CV 1373 (RJD)

-against-

DUKE TERRELL,
Warden, Metropolitan Detention Center,
Brooklyn, New York[1]

           Respondent.
-----------------------------------------------------------X

DEARIE, Chief Judge.

       Petitioner Edwin Perez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, his application is denied and the petition is dismissed.

       Petitioner is currently serving a 240-month sentence in Fairton Federal Correctional Institution. On July 4, 2007, while petitioner was being held at Metropolitan Detention Center Brooklyn awaiting sentencing, prison officials, during a "routine shake-down," found 145 cigarettes concealed behind the toilet paper holder in the cell that petitioner shared with one other inmate. The prison officer who conducted the search prepared a written incident report the same day and petitioner received a copy of the report. On July 6, 2007, a Unit Discipline Committee ("UDC") hearing was held. Petitioner was given an opportunity to respond to the charges against him. He had "no statement." Based on the written incident report, petitioner's lack of statement and petitioner's disciplinary record, the UDC concluded that petitioner violated Bureau of Prisons Code 331, "Possession, Manufacture, or Introduction of a Non-Hazardous

---

[1] Petitioner improperly named Disciplinary Hearing Officer Garcia as respondent. Duke Terrell is currently the Warden of Metropolitan Detention Center Brooklyn and the Clerk of the Court is directed to substitute his name for DHO Garcia's name in the caption.

Tool or Other Non-hazardous Contraband." The UDC recommended that petitioner be sanctioned 15 days of disciplinary segregation, 10 months loss of visiting privileges, and 10 months loss of commissary privileges, and in accordance with prison regulations referred the matter to a Disciplinary Hearing Officer ("DHO") for further hearing. On July 6, 2007, petitioner received written notice that the UDC had referred the matter to a DHO. Petitioner was also given a document entitled Inmate Rights at Discipline Hearing, which informed him, among other things, of his right to be present at the DHO hearing, his right to call witnesses and present other evidence, his right to have a staff member represent him and his right to receive a written report memorializing the DHO's findings and ruling.

The DHO hearing was held on July 10, 2007. Petitioner refused representation and did not call any witnesses or present any documentary evidence. The DHO concluded that based on the "greater weight of the evidence," including the prison officer's written incident report, the photograph of the 145 cigarettes, petitioner's failure to offer any statement in his defense (which drew an adverse inference against petitioner), the fact that petitioner had resided in the cell for three months, the fact that petitioner shared the cell with only one other inmate, and the fact that the cigarettes were found in an "area" that the DHO concluded was "easily accessible to" petitioner, petitioner had violated Bureau of Prisons Code 331. The DHO sanctioned the petitioner to 15 days of disciplinary segregation, 10 months loss of visiting privileges, 10 months loss of commissary privileges and 13 days loss of good conduct time.

Petitioner received the DHO's written ruling on July 17, 2007; he then filed a Regional Administrative Remedy Appeal on August 23, 2007, and a Central Administrative Remedy Appeal on November 13, 2007. Both appeals were denied. This action followed.

DISCUSSION

Petitioner claims that his due process rights under the Fourteenth Amendment were violated because the findings against him were based solely on a prison "officer's written statement without no evidence to support findings." Petitioner also claims that the sanctions imposed against him violate the Eighth Amendment's ban against cruel and unusual punishment. He asks that the Court order the findings and sanctions expunged from his prison record. The Court construes the petition as also requesting that petitioner's good conduct time credit be ordered reinstated.

Petitioner's claim that the disciplinary hearing violated his due process rights is rejected. In Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), the Supreme Court ruled that a prison disciplinary hearing satisfies the due process requirements of the Fourteenth Amendment if: (1) the prisoner is provided written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) a neutral and detached hearing body conducts the hearing; (3) the prisoner is afforded an opportunity to present evidence and call witnesses (as long as the presentation of evidence is not unduly hazardous to institutional safety or correctional goals); (4) the prisoner is granted assistance, if necessary, to understand and prepare a defense; and (5) the factfinder provides a written statement of the evidence relied upon in making its decision and the reasons for the decision. Homen v. Hasty, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002) (citing Wolff).

Petitioner was provided with 24 hours advance written notice of the DHO hearing, was present at the hearing, was offered (but declined) an opportunity to present witnesses and other evidence and was offered (but declined) representation by a staff member. Petitioner does not allege that the DHO was biased against him. Petitioner was given a copy of the DHO's written

3

decision and he took two appeals of the adverse decision. The Court concludes that petitioner's disciplinary hearings comported with Wolff's due process requirements.

Petitioner's claim that his due process rights were violated because there was "no evidence" to support the DHO's finding is also rejected. Due process requires that a DHO's findings must be "supported by some evidence in the record." Id. at 297 (citing Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000)). A DHO's ruling has sufficient support so long as there is a "modicum" of evidence or "any" evidence in the record to support it. Id. (citing Zavaro v. Coughlin, 970 F.2d 1148, 1148-49 (2d Cir. 1992)). Petitioner claims that the findings against him cannot stand because, among other reasons, the DHO did not come forward with any evidence that he: (1) brought the cigarettes into the prison; (2) put the cigarettes behind the toilet paper holder; or (3) had access to a "hexagon head screwdriver," which he contends is needed to remove the toilet paper holder behind which the cigarettes were found. Thus, according to petitioner, the "question the government attorney and the BOP [and presumably the Court] should be asking is NOT how many cigarettes were found but HOW the toilet dispenser was OPENED without [prison officials] actually finding the hexagon shaped screwdriver."

Petitioner's argument is unavailing. The Court's role is not to conduct a de novo evaluation of the evidence to determine whether it would find that the petitioner violated prison rules; rather, the Court's role is limited to determining whether the DHO's ruling is supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id.; see also Friedl, 210 F.3d at 85 ("Of course, if during the course

4

of discovery it emerges that there is *any* evidence in the record that supports the Committee's finding, *Hill* mandates that summary judgment be granted in defendants' favor and plaintiff's procedural due process claim be dismissed.") (emphasis in Friedl).

Here, the DHO's ruling was supported by "some evidence," including the incident report, the photograph, and the fact that the cigarettes were found in what the DHO found to be an "easily accessible" area of the cell that petitioner had resided in for three months. Accordingly, the Court concludes that there was some evidence to support the DHO's finding. See Galan v. Laird, 2010 WL 3780175, at *2 (E.D.N.Y. Sept. 21, 2010) (finding "some evidence" standard was met where "contraband was found in [petitioner's] cell, where he had resided for a month, wedged under the sink between the pipes, in an area that the DHO found to be 'easily accessible' to petitioner").

Finally, petitioner's claim that sanctions imposed against him by the DHO violate the Eighth Amendment's prohibition against cruel and unusual punishment is rejected. "To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test. First, the plaintiff must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs. Second, the plaintiff must demonstrate that the defendants imposed those conditions with deliberate indifference." Welch v. Bartlett, 125 Fed App'x 340, 2005 WL 481657 (2d Cir. Mar. 2, 2005) (quoting Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996)). While the sanctions imposed on petitioner were not insignificant, he has failed to demonstrate that the sanctions resulted in unquestioned and serious deprivations of basic human needs or that the DHO imposed the conditions with deliberate indifference. Accordingly, his Eighth Amendment claim is rejected.

## CONCLUSION

For the reasons set forth above, the application for a writ of habeas corpus is denied, and the petition is dismissed. A certificate of appealability will not issue. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 20, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge